NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD VAN HOOK,

        Plaintiff-Appellant,

  v.

WINMILL, 4th Judicial District Southern
Idaho; A.A AND THE CLERK'S OFFICE,
and others unknown of the 4th Judicial
District of Southern Idaho; STATE OF
IDAHO; ROBERT A. BERRY, Idaho
Deputy Attorney General; ALL MEMBERS
OF THE IDAHO SUPREME COURT;
SUSAN WIEBE, Payette County District
Court Judge,

        Defendants-Appellees.

No. 22-36065

D.C. No. 1:22-cv-00347-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
John C. Coughenour, District Judge, Presiding

Submitted December 12, 2023[**]

Before:    WALLACE, LEE, and BUMATAY, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ronald Van Hook appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Van Hook's claims against Judge Winmill and a staff member in the district court clerk's office on the basis of judicial and quasi-judicial immunity. *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388, 1390, 1394 (9th Cir. 1987) (explaining that judicial or quasi-judicial immunity available to federal officers extends to actions for damages as well as those for equitable relief, and holding that court clerks have quasi-judicial immunity for performing, or failing to perform, tasks that are an integral part of the judicial process).

The district court properly dismissed Van Hook's claims against state court Judge Wiebe and all members of the Idaho Supreme Court on the basis of judicial immunity and as barred by the *Rooker-Feldman* doctrine. *See Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012) (explaining that the *Rooker-Feldman* doctrine bars a district court from exercising jurisdiction over a "de facto" appeal of a state court decision and claims "inextricably intertwined" with the state court

decision); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to judicial immunity).

The district court properly dismissed Van Hook's claims against the State of Idaho because his claims were barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (explaining that the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state, regardless of the nature of the relief sought).

Dismissal of Van Hook's claims against defendant Berry was proper because Van Hook failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (explaining that fraud on the court is defined narrowly as "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication" (citation omitted)).

The district court did not abuse its discretion by denying Van Hook's motion to add state court Magistrate Judge Meienhofer as a defendant, by denying Van

Hook's filing seeking to add a claim of treason, or by dismissing without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave where amendment would be futile); *see also Cooper*, 704 F.3d at 777-79 (discussing application of the *Rooker-Feldman* doctrine).

The district court did not abuse its discretion by granting in part and denying in part Van Hook's motion for judicial notice. *See* Fed. R. Evid. 201(b) (providing that a court may take judicial notice of "a fact that is not subject to reasonable dispute"); *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (standard of review).

We reject as without merit Van Hook's contention that the district court erred by denying his petition for a writ of habeas corpus.

We lack jurisdiction to consider the district court's postjudgment order declaring Van Hook a vexatious litigant because Van Hook failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a postjudgment order). The appeal of the district court's vexatious litigant order is pending in appeal No. 23-35457 and will be addressed in that docket.

We do not consider matters not specifically and distinctly raised and argued

4                                                            22-36065

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The request for appellate attorney's fees and costs, set forth in the answering brief of Judge Wiebe and all members of the Idaho Supreme Court, is denied without prejudice.  *See* Fed. R. App. P. 38 (requiring a separate motion for fees and costs); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (a request made in an appellate brief does not satisfy Rule 38).  All other pending motions and requests are denied.

**AFFIRMED.**